IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE CELLULAR DEVICE ASSIGNED CALL NUMBER **(614) 787-5506** OR WITH INTERNATIONAL MOBILE SUBSCRIBER IDENTITY/ELECTRONIC SERIAL NUMBER **310260491484992** | Case No. __2:26-mj-21__ <br><br> **Filed Under Seal** |

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, Gabriella L. Vogt, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41(c)(4) and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number **(614) 787-5506, OR** with International Mobile Subscriber Identity / Electronic Serial Number 310260491484992 (the "Target Cell Phone"), with listed subscriber Brendan CONKLIN, whose service provider is and which information is in the custody or control of T-Mobile (the "Provider"), a wireless telephone service provider headquartered in Parsippany, New Jersey. As a provider of wireless communications service, the Provider is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15). Specifically, this affidavit is made in support of an application for a warrant authorizing the disclosure of Cell-site Information and Phone Location Information (as defined in the application), including prospective information for a period of 45 days from the date of the Warrant for a cellular telephone believed to be possessed by a suspect of False Impersonation of

an Officer or Employee of the United States, in violation of 18 U.S.C. § 912, and Impersonator Making Arrest or Search, in violation of 18 U.S.C. § 913.

2.      The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.   This affidavit is made in support of an application for a search warrant to require the Provider to disclose to the government the information further described in Section I of Attachment B. Upon receipt of the information described in Section I of Attachment B, government-authorized persons will review the information to locate items described in Section II of Attachment B.

3.      Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

4.      I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since September 2019.  In this capacity, I have participated in and have conducted numerous investigations related to white-collar crimes, money laundering, violent crimes, public corruption matters, complex financial crimes, and major offenses, such as federal bank robberies and the apprehension of federal fugitives. Prior to working as a Special Agent within the FBI, I worked as an Engineer for the Department of Defense, Defense Contract Management Agency. I obtained a Master of Science in Environmental Studies and a Bachelor of Science in Mechanical Engineer Technology in 2017 and 2016 respectively.

5.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6.      Based on the facts set forth in this affidavit, there is probably cause to believe that CONKLIN has violated 18 U.S.C. § 912, False Impersonation of an Officer or Employee of the United States, and 18 U.S.C. § 913, Impersonator Making Arrest or Search.  On January 15, 2026, a federal grand jury sitting in the Southern District of Ohio, Eastern Division, returned a two-count indictment against Brendan CONKLIN charging him in count 1 with False Impersonation of an Officer or Employee of the United States and in count 2 with Impersonator Making Arrest or Search.  The United States requested the issuance of an arrest warrant with the indictment.  There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting CONKLIN, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

7.      The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711.  Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

8.      The United States, including the FBI, is conducting a criminal investigation of Brendan CONKLIN, regarding possible violations of 18 U.S.C. § 912 (False Impersonation of an Officer or Employee of the United States) and 18 U.S.C. § 913 (Impersonator Making Arrest or Search).

3

9. On January 15, 2025, the Grand Jury for the Southern District of Ohio, Eastern Division, returned a two-count indictment against Brendan CONKLIN (Count 1); False Impersonation of an Officer or Employee of the United States (Count 2); Impersonator Making Arrest or Search. *See* case no. 2:26-cr-11, Doc. #4.

10. A federal arrest warrant for CONKLIN was issued on January 15, 2026. *See* case no. 2:26-cr-11, Doc. #5.

11. I have reviewed records from T-Mobile, and from that review, I have learned, among other things, that the Target Cell Phone is subscribed to CONKLIN.

12. The investigation has also revealed that CONKLIN resides in Westerville, Ohio, which is in the Southern District of Ohio, Eastern Division.

13. In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call

4

made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

14. Based on my training and experience, I know that T-Mobile can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available.

15. Based on my training and experience, I know that T-Mobile can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as T-Mobile typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

### AUTHORIZATION REQUEST

16. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41(c)(4) and 18 U.S.C. § 2703(c).

17. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target

Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

18.    I further request that the Court direct T-Mobile to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-Mobile. I also request that the Court direct T-Mobile to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with T-Mobile's services, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

19.     I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

Respectfully submitted,



Gabriella L. Vogt
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on _____ January 16 _____, 2026

Elizabeth A. Preston Deavers
United States Magistrate Judge               DEAVERS

**Attorney Certification Under 18 U.S.C. §§ 3121-27**

To ensure technical compliance with 18 U.S.C. §§ 3121–27, the warrant applied for herein will also function as a pen register order. I, an attorney for the Government, certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by the Federal Bureau of Investigation ("FBI"). *See* 18 U.S.C. §§ 3122(b), 3123(b).

s/ Damoun Delaviz
DAMOUN DELAVIZ
Assistant United States Attorney

7